Citation Nr: 1518716 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 11-04 009 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a venereal disease, to include human papilloma virus (HPV).


ATTORNEY FOR THE BOARD

J.N. Moats, Counsel



INTRODUCTION

The Veteran served on active duty from May 2002 to July 2002, and from March 2003 to October 2003. 

This appeal to the Board of Veterans' Appeals (Board) arose from an April 2010 rating decision in which the RO, inter alia, denied service connection for penile condylomas (also claimed as venereal disease, genital warts and HPV). In May 2010, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in October 2010, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in February 2011. 

In his substantive appeal, the Veteran requested a hearing before a Veterans Law Judge in Washington, DC. A February 2013 letter informed him that his hearing was scheduled for April 2, 2013. Although the hearing notification was not returned by the U.S. Postal Service as undeliverable, the Veteran failed to report for the scheduled hearing, and has not requested rescheduling of the hearing. As such, his hearing request is deemed withdrawn. See 38 C.F.R. § 20.704(d) (2014). 

In July 2013, the Board remanded the claim on appeal to the RO, via the Appeals Management Center (AMC) in Washington, DC, for additional development. After accomplishing some of the requested action, the AMC continued the denial of the claim (as reflected in an August 2013 supplemental SOC (SSOC)), and returned these matters to the Board for further appellate consideration. 

In August 2014, the Board again remanded the claim on appeal to the RO, via the AMC, for additional development. After accomplishing some of the requested action, the AMC continued the denial the claim (as reflected in a December 2014 SSOC), and returned this matter to the Board for further appellate consideration.

As a final preliminary matter, the Board notes that this claim is now being processed utilizing the paperless, electronic Virtual VA and Veterans Benefit Management System (VBMS) claims processing systems.
 
For reasons expressed below, this matter is, again, being remanded to the agency of original jurisdiction (AOJ), for additional action. VA will notify the Veteran when further action, on his part, is required. 


REMAND

Unfortunately the Board finds that further AOJ action on the claim on appeal is warranted, even though such will, regrettably, further delay an appellate decision on this matter. 

The December 2014 supplemental statement of the case (SSOC) explaining the AMC's continued denial of the claim, as well as a January 2015 letter from the Board were returned to VA as undeliverable; it appears that these documents were not sent to the Veteran's current address. In this regard, in January 2015, the Veteran submitted signed authorizations and consents for the release of information, which included a new mailing address for the Veteran. Hence, the Board finds that due process requires another remand of this matter for issuance of an SSOC to be sent to the Veteran's current, correct address. See 38 C.F.R. § 19.31 (2014). 

The Board also finds that further development of the claim is warranted.

The Veteran was treated for penile condyloma due to HPV in December 2003 and he filed his current claim for service connection in October 2009. At this time, there is no medical evidence showing that the Veteran has had a current, chronic disability at any point at any point pertinent to the current claim on appeal. In this regard, VA treatment records are silent with respect to any findings of HPV or penile condylomas. Moreover, an April 2010 VA examiner observed that the Veteran's penile condyloma diagnosed in December 2003 has healed, has not returned and no further lesions were found on examination. The examiner concluded that there was no evidence of visible HPV at this point. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (stating that "simply because [the Veteran] had a disease or injury while on active service" was insufficient to obtain benefits "[i]n the absence of proof of a present disability"); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); see also Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). 

Nevertheless, as noted above, the Veteran submitted authorizations for the release of all medical records pertaining to his penile condylomas in January 2015. However, unfortunately, he did not include names and contact information for the providers of the medical treatment. Thus, to ensure that all due process requirements are met, and that the record is complete, on remand, the AOJ should give the Veteran another opportunity to present additional information and/or evidence pertinent to the claim on appeal (to include as regards any private (non-VA) records), explaining that he has a full one-year period for response. See 38 U.S.C.A § 5103(b)(1) (West 2014); but see 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). 

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2014).

As regards VA records, the Veteran's VBMS file currently includes outpatient treatment records from the VA Medical Center (VAMC) in Memphis, Tennessee, dated up to January 2013; however, more recent records from this facility may exist. Records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Hence, to ensure that that all of the applicable VA treatment records are of record, the AOJ should obtain from the Memphis VAMC all outstanding, pertinent records of evaluation and/or treatment of the Veteran since January 2013, following the current procedures prescribed in 38 C.F.R. § 3.159 as regards requests for records from Federal facilities. 

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claim on appeal. 

Accordingly, this matter is hereby REMANDED for the following action:

1. Furnish to the Veteran a copy of the December 2014 supplemental statement of the case, sent to his current, correct address of record, as provided in the January 2015 authorization., and afford him appropriate opportunity to respond.

2. Obtain from the Memphis VAMC all outstanding, pertinent records of evaluation and/or treatment of the Veteran since January 2013. Follow the procedures set forth in 38 C.F.R. § 3.159(c) as regards requesting records from Federal facilities. All records and/or responses received should be associated with the VBMS electronic file.

3. Send to the Veteran a letter requesting that he provide sufficient information, and if necessary, authorization to enable to obtain any additional evidence pertinent to the claim on appeal that is not currently of record. Specifically request that the Veteran furnish, or furnish appropriate authorization-to include the full name and contact information of the medical provider-to obtain, all outstanding, pertinent private (non-VA) medical records. 

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period). 

4. If the Veteran responds, obtain all identified evidence following the current procedures set forth in 38 C.F.R. § 3.159. All records and responses received should be associated with the electronic record. If any records sought are not obtained, notify the Veteran that such were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

5. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268 (1998).

6. If, after accomplishing all requested action, as well as any additional action deemed warranted, additional evidence is received, readjudicate the claim on appeal in light all pertinent evidence and legal authority.

79. If the benefit sought on appeal remains denied, furnish to the Veteran an appropriate supplemental SOC that includes clear reasons and bases for all determinations, and afford him the appropriate time period for response. 

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefit requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2014).